9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clyde E. BATEMAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-6119.
 United States Court of Appeals, Tenth Circuit.
 Oct. 29, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant, Clyde E. Bateman, appeals from the district court's determination that he lacks standing to assert constitutional challenges to federal environmental laws. We affirm.
 
 
 3
 Bateman filed a complaint alleging that the entire body of federal environmental law is unconstitutional, because its enactment allegedly exceeded the authority granted in the Commerce Clause of the United States Constitution, and lacked any other source of constitutional support. U.S. Const., Art. I, 8, cl. 3. Bateman sought declaratory and injunctive relief to abolish the Environmental Protection Agency and invalidate many environmental statutes and regulations. Bateman claimed that he had been injured in the following respects: 1) because federal environmental regulation harmed industry and thus kept him from being employed in chemical industry jobs for which he claims he would be qualified; and 2) because the federal government's illegal use of tax revenues on environmental programs injured him as a taxpayer. The district court dismissed Bateman's complaint on the grounds that he lacked standing and failed to state a claim for which relief could be granted.
 
 
 4
 We review the issue of standing on a de novo basis and liberally construe a pro se plaintiff's pleadings. State of Wyoming v. Lujan, 969 F.2d 877, 879 (10th Cir.1992); Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 5
 We agree with the district court that Bateman has not established standing to sue in this case. Article III requires a "case or controversy" in order to support federal jurisdiction. In order to establish a "case or controversy," plaintiffs must show that they have standing to litigate their claims. Standing requires that a plaintiff show, at a minimum, three elements: 1) an injury in fact; 2) a causal connection between the injury and the conduct complained of; and 3) a likelihood that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). A showing that an injury is redressable must be based on more than "speculation and surmise." State of Wyoming, 969 F.2d at 882.
 
 
 6
 Even assuming that Bateman can show an injury caused by environmental regulation, Bateman's argument that he will find employment in the chemical industry if the courts abolish all federal environmental regulation is far too speculative to demonstrate that his injuries are redressable through success in this action. Thus, Bateman has no standing based on a particularized injury.
 
 
 7
 Further, the Supreme Court has narrowed the availability of standing based on taxpayer status. The Court has determined that a litigant lacks standing when only asserting a "generalized grievance" common to all members of the public, since these matters are best left to Congress and the President. Defenders of Wildlife, 112 S.Ct. at 2144-45 (1992). A taxpayer must satisfy two requirements to assert standing based only on his or her taxpayer status: 1) that there is a logical link between the taxpayer status and the type of legislative enactment challenged; and 2) that the challenged enactment "exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, 8." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 478-79 (1982) (quoting Flast v. Cohen, 392 U.S. 83, 102-103 (1968)); Colorado Taxpayers Union, Inc. v. Romer, 963 F.2d 1394, 1398-99 (10th Cir.1992), cert. denied, 113 S.Ct. 1360 (1993). Under the first requirement, plaintiffs can only challenge the constitutionality of measures taken under the Taxing and Spending Clause. Romer, 963 F.2d at 1398.
 
 
 8
 Bateman fails to satisfy the two requirements of taxpayer standing. Bateman challenges the environmental laws as exceeding the authority of the Commerce Clause, not the Taxing and Spending Clause. Further, Bateman's challenge to the environmental regulations does not allege that the laws run afoul of any specific constitutional limitation, such as the Establishment Clause of the First Amendment, but only that the Commerce Clause does not provide Congress enough authority to regulate the environment. Based on the standing jurisprudence as it now exists, Bateman's claim is an issue best trusted to the political branches.
 
 
 9
 The order of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3